IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DARIAUS LAVAR WILLIAMS,

                      **Plaintiff,**

        v.                                  CASE NO. 18-3257-SAC

**DALE REED** and
**JOHNSON COUNTY ADULT DETENTION CENTER,**

                        **Defendants.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a pretrial detainee, proceeds pro se and seeks leave to proceed in forma pauperis.

**The motion to proceed in forma pauperis**

This motion is governed by 28 U.S.C. § 1915(b). Because plaintiff is a prisoner, he must pay the full filing fee in installment payments taken from his prison trust account when he "brings a civil action or files an appeal in forma pauperis[.]" § 1915(b)(1). Pursuant to § 1915(b)(1), the court must assess, and collect when funds exist, an initial partial filing fee calculated upon the greater of (1) the average monthly deposit in his account or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint. Thereafter, the plaintiff must make monthly payments of twenty percent of the preceding month's income in his institutional account. § 1915(b)(2). However, a prisoner shall not be prohibited from bringing a civil action or appeal because he has no means to pay the initial partial filing fee. § 1915(b)(4).

Plaintiff has not submitted the certified financial statement

required by statute, and the Clerk of the issued a Notice of Deficiency on October 1, 2018, directing him to provide that information on or before October 31, 2018.

**Screening**

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not

accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

### Discussion

Plaintiff is a pretrial detainee at the Johnson County Detention Center. His complaint alleges claims of invasion of privacy and false imprisonment. The Court has conducted an initial review of the complaint and has identified the following deficiencies in the

complaint.

First, the Johnson County Detention Center is not a suable entity. Section 1983 provides a remedy for claims of federal rights by a "person" acting under color of state law. As a governmental sub-unit, the jail cannot sue or be sued, and it is subject to dismissal from this action. *See Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010)(unpublished)("generally, governmental sub-units are not separable suable entities that may be sued under § 1983") and *Aston v. Cunningham*, 2000 WL 796086, *4 n.3 (10th Cir. June 21, 2000)(unpublished)(stating that jail would be dismissed "because a detention facility is not a person or legally created entity capable of being sued"). Accordingly, the JCDC is subject to dismissal from this action.

Next, an essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or omissions that allegedly violated the plaintiff's rights. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). Accordingly, a plaintiff must name each defendant not only in the caption of the complaint, but also in the body of the complaint and must describe the specific acts or omissions of each defendant that violated the plaintiff's federal rights. Here, while plaintiff names Major Reed as a defendant, the complaint does not identify any act or omission by that defendant. The allegation that an official denied a grievance or failed to respond to a grievance is not sufficient to show personal participation. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)(the "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish

personal participation under § 1983."). Plaintiff must amend his complaint to identify the personal participation of a named defendant or defendants.

Third, while plaintiff seeks monetary damages due to injury to his mental health caused by the conditions of his confinement, his claim for that relief is barred by 42 U.S.C. § 1997e(e). That section, enacted as part of the Prison Litigation Reform Act, provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Fourth, plaintiff's claims are subject to dismissal for failure to state a claim for relief. Because plaintiff is in pretrial detention, his claims concerning the conditions of his confinement arise under the Due Process Clause of the Fourteenth Amendment. *See Rife v. Okla. Dept. of Pub. Safety*, 854 F.3d 637, 647 (10th Cir.), *cert. denied sub nom. Dale v. Rife*, 138 S.Ct. 364 (2017). The benchmark for such claims is taken from the Eighth Amendment. *See Lopez v. LeMaster*, 172 F.3d 756, 759 n.2 (10th Cir. 1999)("Pretrial detainees are protected under the Due Process Clause rather than the Eighth Amendment. In determining whether [plaintiff's] rights were violated, however, we apply an analysis identical to that applied in Eighth Amendment cases brought pursuant to § 1983.")(citing *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979)).

A prisoner's claim under the Eighth Amendment requires the court to consider two requirements. "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). This objective factor requires the prisoner to show

that he is "incarcerated under conditions posing a substantial risk of serious harm." *Id*. It is long-settled that the Constitution does not require "comfortable prisons" and that only prison conditions "denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 209 (1991)(internal citations omitted). To satisfy this standard, prison officials "must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001)(citation omitted).

To satisfy the second requirement, a prisoner must show that the defendant prison officials have a "sufficiently culpable state of mind", which in turn, requires a showing that the defendants showed "deliberate indifference" to the health or safety of prisoners. *Farmer*, 511 U.S. at 834. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

Courts evaluating claims of unconstitutional conditions of confinement must consider "the particular facts of each situation; the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered." *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001)(quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)). "While no single factor controls … the length of exposure to the conditions is often of prime importance." *Id*. Thus, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations …' may

meet the standard despite a shorter duration." *Id*. (citations omitted). In this case, plaintiff's allegations do not suggest that he has suffered more than minor deprivations.

First, the Tenth Circuit generally recognizes only a limited right to privacy in the context of prison life. *Hayes v. Marriott*, 70 F.3d 1144, 1146 (10th Cir. 1995). Claims alleging a violation of that right must be balanced against institutional security concerns, which are "central to all other correctional goals." *Pell v. Procunier*, 417 U.S. 817, 823 (1974). Plaintiff's allegations do not suggest more than brief periods when he was in a cell monitored by a camera after he was transferred to a cell from the "box", and there is no allegation that the use of the camera was intended for any improper purpose. *See, e.g., Garrett v. Thaler*, 560 F. App'x 375, 380-81 (5th Cir. 2014)(upholding decision that cameras in restroom, shower and dressing areas of state prison did not violate Fourth Amendment) and *Johnson v. Phelan*, 69 F.3d 144, 146 (7th Cir. 1995)(monitoring of nude prisoners in showers, toilets, or undressing constitutional in light of institutional security needs). Here, plaintiff's claim of monitoring does not suggest that his limited right to privacy was violated by the use of cameras in his cell.

Plaintiff also broadly alleges he was denied an adequate opportunity for exercise. The Tenth Circuit has recognized that "what constitutes adequate exercise will depend on the circumstances of each case, including the physical characteristics of the cell and jail and the average length of stay of the inmates." *Housley v. Dodson*, 41 F.3d 597, 599 (10th Cir. 1994). *See also Bailey v. Shillinger*, 828 F.2d 651, 653 (10th Cir. 1987)(although one hour per week of exercise and fresh air is restrictive, it does not violate the Eighth Amendment).

Here, plaintiff has regular access to recreation time outside his cell, and the period of time that he describes clearly allows him several hours per week outside of his cell. This claim also is subject to dismissal.

### Order to Show Cause

For the reasons set forth, the Court directs plaintiff to show cause why this matter should not be dismissed, or, in the alternative, to submit an amended complaint that cures the deficiencies identified in this order.

If plaintiff chooses to submit an amended complaint, it must be submitted upon court-approved forms. An amended complaint is not an addendum or supplement to the original complaint but completely supersedes it. Therefore, any claims or allegations not presented in the amended complaint are no longer before the Court. Plaintiff may not simply refer to an earlier pleading; instead, the complaint must contain all allegations and claims that plaintiff intends to present in the action, including those to be retained from the original complaint. Plaintiff must include the case number of this action on the first page of the amended complaint.

Plaintiff must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff must refer to each defendant in the body of the complaint and must allege specific facts that the describe the allegedly unconstitutional acts or omissions by each defendant, including dates, locations, and circumstances.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before **October 31, 2018,** plaintiff shall show cause why this matter should not be dismissed for the reasons discussed herein. The failure to file a timely response may result in the dismissal of this matter without

additional prior notice.

**IT IS SO ORDERED.**

DATED: This 4th day of October, 2018, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge